UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CARL COOPER, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | No. 1:16-cv-2994-TWP-MJD |
| ) | |
| SUPERINTENDENT, Westville Correctional ) | |
| ) | |
| Respondent. ) | |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

This matter is before the Court on a Petition for Writ of Habeas Corpus filed by Petitioner Carl Cooper, and Indiana prisoner. "[W]hen examining a habeas corpus petition, the first duty of a district court . . . is to examine the procedural status of the cause of action." *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1132 (7th Cir. 1990). That examination should entail two inquiries: "whether the petitioner exhausted all available state remedies and whether the petitioner raised all his claims during the course of the state proceedings." *Henderson v. Thieret,* 859 F.2d 492, 496 (7th Cir. 1988), *cert. denied,* 109 S. Ct. 1648 (1989). "If the answer to either . . . inquir[y] is 'no,' the petition is barred either for failure to exhaust state remedies or for procedural default." *Id*.

The pleadings and the expanded record in this action for habeas corpus relief show that the petitioner had not exhausted available state court remedies at the time the action was filed. (Nor has he done so since the action was filed.) His failure to exhaust consists of the following: Cooper was sentenced in No. 82D02-0907-FC-00650 to a term of eight years following his conviction for battery by means of a deadly weapon. He was paroled from that sentence. On August 16, 2016, his parole was revoked and he was assessed the balance of his sentence. He has not challenged that

revocation through an action for post-conviction relief, although under Indiana law he may do so. *Kaufman v. State*, 2015 WL 3963992, *3 (Ind.Ct.App. June 30, 2015)("A parolee's remedy to challenge the unlawful revocation of parole is to file a petition for post-conviction relief.")(citing Ind. Post–Conviction Rule 1.1(a)(5)). An action for post-conviction relief in Indiana has been held to be an available and meaningful state court remedy for purposes of satisfying the exhaustion requirement of the federal habeas statute. *Wallace v. Duckworth,* 778 F.2d 1215, 1219 (7th Cir. 1985).

The action is therefore dismissed without prejudice based on Cooper's failure to exhaust available remedies in the Indiana state courts prior to filing this action.

## II.

Judgment consistent with this Entry shall now issue.

## III.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254 Proceedings*, and 28 U.S.C. § 2253(c), the court finds that Cooper has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Indeed, because the petitioner's habeas challenge is progressing in earlier action noted in Part of this Entry, the dismissal ordered herein is a nonfinal order and hence is not even appealable. *Gacho v. Butler*, 792 F.3d 732, 736 (7th Cir. 2015). The Court therefore denies a certificate of appealability.

IT IS SO ORDERED.

Date: 4/3/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Carl Cooper, #113835
Westville Correctional Facility
Electronic Service Participant – Court Only

Electronically Registered Counsel