UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CARL COOPER, | ) |
| Petitioner, | ) |
| vs. | ) No. 1:16-cv-2994-TWP-MJD |
| SUPERINTENDENT, Westville Correctional | ) |
| Respondent. | ) |

**Entry Concerning Selected Matters**

**I.**

This action for habeas corpus relief brought by Petitioner Carl Cooper ("Cooper"), a state inmate, was dismissed on April 3, 2017 based on the finding that he failed to exhaust available state court remedies prior to filing the action. In a motion filed on April 20, 2017, the Cooper seeks reconsideration of the disposition based on the re-assertion of the merits of his habeas claim.

The motion for reconsideration is treated as a motion to alter or amend judgment pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure. See Borrero v. City of Chicago,* 456 F.3d 698, 701-02 (7th Cir. 2006) (explaining that whether a motion filed within the time frame contemplated by Rule 59(e) should be analyzed under Rule 59(e) or Rule 60(b) of the *Federal Rules of Civil Procedure* depends on the *substance* of the motion, not on the timing or label affixed to it).

The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and*

*Whinney,* 489 U.S. 169, 174 (1988). Rule 59(e) "authorizes relief when a moving party 'clearly establish[es] either a manifest error of law or fact' or 'present[s] newly discovered evidence.'" *Souter v. International Union*, 993 F.2d 595, 599 (7th Cir. 1993) (quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)).

Relief through a Rule 59(e) motion for reconsideration is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca,* 545 F.3d 582, 584 (7th Cir. 2008). A Rule 59(e) motion may be used "to draw the district court's attention to a manifest error of law or fact or to newly discovered evidence." *United States v. Resnick,* 594 F.3d 562, 568 (7th Cir. 2010). A "manifest error" means "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000).

There was no manifest error of law or fact in this case. The Court did not misapprehend the claims, nor did it misapply the law to those claims in finding that dismissal without prejudice was required. Accordingly, the motion to reconsider Dkt. [35], treated as a motion to alter or amend judgment, is **denied**.

## II.

Cooper's motion to compel production of transcripts Dkt. [34] is **denied** because there was no hearing on April 3, 2017 and because there were no proceedings conducted in this case from which transcripts could be produced.

IT IS SO ORDERED.

Date: 6/20/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Electronic distribution to counsel of record via CM/ECF and to:

CARL COOPER
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY

Electronic Service Participant – Court only